IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GLENN JUDE DYSART, # 13178**                                                **PLAINTIFF**

**VERSUS**                                                            **CAUSE NO. 1:14CV2-LG-JMR**

**MICHELLE MORRIS and HUBERT[1]**
**DAVIS**                                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Glenn Jude Dysart is incarcerated with the Mississippi Department of Corrections, and he challenges a Rule Violation Report ("RVR"). The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## FACTS AND PROCEDURAL HISTORY

Dysart is housed at the South Mississippi Correctional Institution, where Defendants Michelle Morris and Hubert Davis are employed. Dysart alleges that Morris issued him an RVR, accusing him of possession of a cell phone charger. Dysart claims that, in reality, it was a headphone wire, with a volume control switch, that he bought from the prison canteen store. He also claims that Morris wrote the wrong inmate number on the RVR and incorrectly indicated that Dysart refused to sign the RVR and refused a hearing. He finally accuses both Defendants of failing to properly investigate the matter. As a result of the RVR, he lost all of his privileges for 60 days, was classified for the prison cell phone program, and had

---

[1]This Defendant's first name is alternately referred to as "Herbert" and "Hubert."

to spend six months in C custody. He brings Due Process claims and asks the Court to reverse the RVR conviction.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*. The Court has permitted Dysart to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

SECTION 1983

Dysart specifically brings due process claims under 42 U.S.C. § 1983 for the

alleged wrongful RVR, which he claims was both substantively and procedurally in error.

To maintain a procedural due process claim, Plaintiff must show that the RVR either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Dysart does not allege that the RVR affected or will inevitably affect his sentence. Rather, he complains that he was subject to a loss of privileges for 60 days, was classified for a cell phone program, and had to endure an extra six months of C custody. Neither the custody classification, without more, nor the loss of privileges are atypical or significant hardships on the inmate. *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (holding classification which resulted in one year confined to a shared cell, with leave only for showers, medical appointments, and family visits was not an atypical or significant hardship); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding 30 day loss of commissary plus 30 day segregation did not implicate due process). This case is therefore dismissed as frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). This dismissal counts as a strike pursuant to § 1915(g).

STATE LAW CLAIMS

To the extent Dysart asserts state law claims, they invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction."

28 U.S.C. § 1367(c)(3).  Since the Court has dismissed the § 1983 due process claims, it declines jurisdiction over the state law claims.  They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Glenn Jude Dysart's 42 U.S.C. § 1983 claims should be and are hereby **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal counts as a strike pursuant to § 1915(g).  The state law claims are **DISMISSED WITHOUT PREJUDICE**.  A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE